UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL BURRLE, SR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2427** |
| **HUNTINGTON, INGALLS, INC. AT AVONDALE** | **SECTION "C" (3)** |

### ORDER AND REASONS

Before the Court is defendant Huntington Ingalls Incorporated's ("HII") motion to dismiss or alternatively summary judgment and motion for sanctions. Rec. Doc. 6. Plaintiff opposes this motion. Rec. Doc. 17. Having considered the record, the memoranda and the law, the Court finds that dismissal is appropriate and dismisses plaintiff Michael Burle, Sr.'s claims for the following reasons.

### I. Background

In *pro se* plaintiff's complaint, he alleges violations of the law based on: "Employment Discrimination, and, wrongful termination over at Avondle Ship yard." Rec. Doc. 1. He identifies the incident as when he was fired by Bruce Nunas, Manager of Labor Relations. *Id.* Additionally, plaintiff describes a racial slur and harassment he allegedly experienced from both supervisor Steve McCann and Hydraulic Foreman Anthony Rodriguez. *Id.* Plaintiff filed a complaint against the same defendant on July 8, 2011 in case number 11-1591 (Rec. Doc. 1). In that complaint, the plaintiff also brought claims for discrimination based on race and disability. Case No. 11-1591, Rec. Doc. 1. He listed his Equal Employment Opportunity Commission (EEOC) claim numbers. *Id.* Plaintiff identified that incident as when Bruce Nenas, head of Human Resources, pulled his badge.

*Id.* Based on the similarity of the two complaints and that plaintiff did not respond in his opposition to defendant's allegation that plaintiff was bringing the same claim he had previously, the Court determines that this claim is brought based on the same incident. Rec. Docs. 1, 6, 17. In case number 11-1591, the Court rendered judgment in favor of the defendant on December 6, 2011 after it granted its motion to dismiss. Case no. 11-1591, Rec. Docs. 21, 20. Plaintiff appealed that judgment to the Fifth Circuit where it was affirmed on August 16, 2012. *Id.*, Rec. Doc. 26.

## II. Law and Analysis

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than unadorned accusations of harm. *Id.* at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual material, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Id.* at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

Here, the Court takes the complaint's allegations as true, but finds that relief is still not available. As the defendant argues in its motion, plaintiff's claims are res judicata. Under res judicata, a final judgment on the merits of an action precludes the parties from re-litigating issues that were or could have been raised in the prior action. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (*quoting Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). The determination of whether a final judgment has been rendered on the same merits is made by looking at whether: (1) the parties in the two actions are identical, (2) the prior judgment

was rendered by a court of competent jurisdiction, (3) there was a final judgment on the merits, and (4) the same claim or cause of action was involved in both cases. *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007) (*citing Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2004)).

The parties to the present action and the prior action, case number 11-1591, are identical. A prior judgment on the merits was rendered by this same court of competent jurisdiction, and it was final. The same claim or cause of action was involved in both cases. *See* Case number 11-1591, Rec. Docs. 1, 21, 26. A Court must determine whether the two actions are based on the "same nucleus of operative facts." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). Plaintiff's claims arose out of the same nucleus of operative facts as his previous claims in case number 11-1591. Because of that, at this point, after a final judgment has been issued, plaintiff cannot add any additional claims for harassment or bring new witnesses. Rec. Doc. 1.

Since the Court finds that plaintiff's claims are dismissed as res judicata, it will not address whether plaintiff met the time period for filing suit after the EEOC's determination or right to sue letter. Rec. Doc. 6 at 6-7. The Court also refrains from issuing sanctions at this time against a *pro se* plaintiff. However, plaintiff is warned that it may consider sanctions if additional suits are filed based on matters that have already been decided before this Court.

Accordingly,

IT IS ORDERED that defendant's motion to dismiss is granted and the motion for sanctions is denied. Rec. Doc. 6.
New Orleans, Louisiana, this 5th day of March, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**